**IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| SHIVA STEIN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> AARON'S, INC., et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   CIVIL ACTION:    1:20-cv-02030-JPB |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS LEAD PLAINTIFF'S COMPLAINT FOR
<u>VIOLATIONS OF THE FEDERAL SECURITIES LAWS</u>**

Michael R. Smith
B. Warren Pope
Bethany M. Rezek
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone:  404-572-4600
Facsimile:  404-572-5100
mrsmith@kslaw.com
wpope@kslaw.com
brezek@kslaw.com

*Counsel for Defendants*

## **TABLE OF CONTENTS**

INTRODUCTION ...............................................................................................1

ARGUMENT .....................................................................................................1

    I.    The Safe Harbor Protects The Forward-Looking Statements ...............1

    II.    The Challenged Statements Of Puffery And Opinion Are Not
        Actionable .................................................................................................4

    III.    Plaintiff's Various Theories Of Falsity Are Still Insufficient ...............7

        A.    Plaintiff Cannot Rely On Alleged Illegal Revenue ....................7

        B.    Plaintiff Cannot Save Its Flawed AB-Related Theory ...............8

        C.    Plaintiff's Challenge To Compliance And Customer Service
            Statements Fails. ........................................................................10

        D.    Plaintiff's Item 303 And SOX Allegations Are Deficient ........11

    IV.    Plaintiff Falls Short Of Pleading A Strong Inference Of Scienter ......12

CONCLUSION ................................................................................................15

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abrams v. MiMedx Grp., Inc.*,
37 F. Supp. 3d 1271 (N.D. Ga. 2014) ................................................................15

*In re Acuity Brands, Inc. Sec. Litig.*,
No. 1:18-CV-2140-MHC, 2019 WL 10246166 (N.D. Ga. Aug. 12,
2019) ......................................................................................................................2

*In re Bear Stearns Mortg. Pass-Through Certificates Litig.*,
851 F. Supp. 2d 746 (S.D.N.Y. 2012) ................................................................11

*Bellocco v. Curd*,
No. 802-CV-1141T27TBM, 2005 WL 2675022 (M.D. Fla. Oct.
20, 2005) ................................................................................................................6

*Cambridge Ret. Sys. v. MEDNAX, Inc.*,
No. 0:18-CV-61572-WPD, 2019 WL 4893029 (S.D. Fla. Oct. 3,
2019) ......................................................................................................................5

*In re Carter's, Inc. Sec. Litig.*,
No. 1:08-CV-02940-AT, 2012 WL 3715241 (N.D. Ga. Aug. 28,
2012) ....................................................................................................................11

*Carvelli v. Ocwen Fin. Corp.*,
934 F.3d 1307 (11th Cir. 2019) ...................................................................*passim*

*City of Sunrise Gen. Emps.' Ret. Plan v. FleetCor Techs., Inc.*,
No. 1:17-CV-2207-LMM, 2018 WL 4293143 (N.D. Ga. May 15,
2018) ....................................................................................................................15

*Eastwood Enterprises, LLC v. Farha*,
No. 8:07-CV-1940-T-33EAJ, 2009 WL 3157668 (M.D. Fla. Sept.
28, 2009) ..............................................................................................................14

*In re: Ebix, Inc. Sec. Litig.*,
898 F. Supp. 2d 1325 (N.D. Ga. 2012) ..............................................................12

*FindWhat Inv'r Grp. v. FindWhat.com*,
   658 F.3d 1282 (11th Cir. 2011) ...................................................................4, 7

*In re Floor & Decor, Inc. Sec. Litig.*,
   No. 1:19-cv-02270-SCJ, Slip Op. (N.D. Ga. Sept. 21, 2020). ...........................2

*In re Flowers Foods, Inc. Sec. Litig.*,
   No. 7:16-CV-222 (WLS), 2018 WL 1558558 (M.D. Ga. Mar. 23,
   2018) ..............................................................................................................4, 10

*Freudenberg v. E\*Trade Fin. Corp.*,
   712 F. Supp. 2d 171 (S.D.N.Y. 2010) .........................................................9, 15

*Garden City Emps.' Ret. Sys. v. Anixter Int'l, Inc.*,
   No. 09-CV-5641, 2011 WL 1303387 (N.D. Ill. Mar. 31, 2011) .........................2

*Gross v. Summa Four, Inc.*,
   93 F.3d 987 (1st Cir. 1996)..................................................................................8

*Harris v. Ivax Corp.*,
   182 F.3d 799 (11th Cir. 1999) ....................................................................2, 3, 4

*In re HD Supply Holdings, Inc. Sec. Litig.*,
   341 F. Supp. 3d 1342 (N.D. Ga. 2018)................................................................4

*In re Henry Schein, Inc. Sec. Litig.*,
   18-CV-01428 (MKB), 2019 WL 8638851 (E.D.N.Y. Sept. 27,
   2019) ..................................................................................................................10

*In re Immucor Inc. Sec. Litig.*,
   No. 1:05-CV-2276-WSD, 2006 WL 3000133 (N.D. Ga. Oct. 4,
   2006) ..................................................................................................................13

*Institutional Inv'rs Grp. v. Avaya*,
   564 F.3d 242 (3d Cir. 2009) ..............................................................................14

*Keippel v. Health Ins. Innovations, Inc.*,
   No. 8:19-CV-421-02CPT, 2019 WL 5698329 (M.D. Fla. Nov. 4,
   2019) ....................................................................................................................5

*Local 703, I.B. of T. Grocery & Food Emps. Welfare Fund v. Regions*
*Fin. Corp.*,
No. CV 10-2847-IPJ, 2011 WL 12855820 (N.D. Ala. June 7, 2011) ................13

*Lormand v. US Unwired, Inc.*,
565 F.3d 228 (2009).........................................................................................9

*Makor Issues & Rights, Ltd. v. Tellabs Inc.*,
513 F.3d 702 (7th Cir. 2008) ..........................................................................13

*MAZ Partners LP v. First Choice Healthcare Solutions, Inc.*,
No. 6:19-CV-619-ORL-40LRH, 2020 WL 1072582 (M.D. Fla.
Feb. 14, 2020) ................................................................................................12

*Michigan Carpenters' Pension Fund v. Rayonier Advanced Materials,*
*Inc.*,
No. 3:18-CV-771-J-34JRK, 2019 WL 1429667 (M.D. Fla. Mar.
29, 2019) ..........................................................................................................2

*Mogensen v. Body Cent. Corp.*,
15 F. Supp. 3d 1191 (M.D. Fla. 2014)......................................................5, 6, 15

*Oklahoma Firefighters Pension & Ret. Sys. v. Lexmark Int'l, Inc.*,
367 F. Supp. 3d 16 (S.D.N.Y. 2019) ...............................................................13

*Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*,
575 U.S. 175 (2015).........................................................................................6

*Owl Creek I, L.P. v. Ocwen Fin. Corp.*,
No. 18-80506-CIV, 2018 WL 4844019 (S.D. Fla. Oct. 4, 2018)........................5

*In re Paincare Holdings Sec. Litig.*,
541 F. Supp. 2d 1283 (M.D. Fla. 2008)............................................................9

*Plumbers & Pipefitters Nat'l Pension Fund v. Davis*,
No. 1:16-CV-3591-GHW, 2020 WL 1877821 (S.D.N.Y. Apr. 14,
2020) ..............................................................................................................8

iv

*In re Premiere Tech. Inc.*,
   No. 1:98-CV-1804-JOF, 2000 WL 33231639 (N.D. Ga. Dec. 8,
   2000) ......................................................................................................3

*Primavera Inv'rs v. Liquidmetal Tech., Inc.*,
   403 F. Supp. 2d 1151 (M.D. Fla. 2005).......................................................3, 13

*SEC v. Merch. Capital, LLC*,
   483 F.3d 747 (11th Cir. 2007) ...................................................................4

*SEC v. Revolutions Med. Corp.*,
   No. 1:12-CV-3298-LMM, 2015 WL 11199068 (N.D. Ga. Apr. 3,
   2015) ......................................................................................................3

*Shah v. Zimmer Biomet Holdings, Inc.*,
   No. 3:16-CV-815-PPS-MGG, 2019 WL 762510 (N.D. Ind. Feb.
   20, 2019) ...............................................................................................11

*Steiner v. MedQuist Inc.*,
   Civ. No. 04-5487 (JBS), 2006 WL 2827740 (D.N.J. Sept. 29,
   2006) ......................................................................................................8

*In re The First Marblehead Corp. Sec. Litig.*,
   639 F. Supp. 2d 145 (D. Mass. 2009)..........................................................6

*In re Theragenics Corp. Sec. Litig.*,
   105 F. Supp. 2d 1342 (N.D. Ga. 2000).......................................................14

*In re Towne Servs., Inc. Sec. Litig.*,
   184 F. Supp. 2d 1308 (N.D. Ga. 2001)......................................................3, 9

*In re Unicapital Corp. Sec. Litig.*,
   149 F. Supp. 2d 1353 (S.D. Fla. 2001).......................................................6

*Utesch v. Lannett Co., Inc.*,
   385 F. Supp. 3d 408 (E.D. Pa. 2019)........................................................14

*In re Valeant Pharms. Int'l, Inc. Sec. Litig.*,
   No. 15-7658 (MAS) (LHG), 2017 WL 1658822 (D.N.J. Apr. 28,
   2017) ....................................................................................................10

*Veal v. LendingClub Corp.*,
　　423 F. Supp. 3d 785 (N.D. Cal. 2019)...........................................................7, 11

*Rosky ex rel. Wellcare Health Plans, Inc. v. Farha*,
　　No. 8:07-CV-1952-T-26MAP, 2009 WL 3853592 (M.D. Fla. Mar.
　　30, 2009) .............................................................................................................15

*In re Witness Sys., Inc. Sec. Litig.*,
　　No. 1:06–CV–1894, 2008 WL 9020540 (N.D. Ga. Mar. 31, 2008),
　　*aff'd*, 554 F.3d 962 (11th Cir. 2009)...................................................................15

*Zisholtz v. Suntrust Banks, Inc.*,
　　No. 1:08-CV-1287-TWT, 2009 WL 3132907 (N.D. Ga. Sept. 24,
　　2009) ...................................................................................................................15

**Statutes**

15 U.S.C. § 78u-5(i)(1)(D) .......................................................................................2

**INTRODUCTION**

Plaintiff's Opposition (Dkt. 55) ("Opp.") fails to meaningfully rebut any of Defendants' arguments for dismissal.  Plaintiff fails to (1) explain why the PSLRA Safe Harbor for forward-looking statements does not apply; (2) detail how "soft" puffing or opinion statements can be actionable; (3) demonstrate any challenged statement was materially misleading when made; or (4) point to allegations sufficient to raise the required "strong inference" of scienter.  Indeed, Plaintiff merely repeats the same flawed logic as the Amended Complaint ("AC"): contending, in conclusory fashion, that entering "no admission" settlements with the FTC is tantamount to an "undisputed" admission of predatory conduct that should have been disclosed earlier to investors.  The heightened pleading standards of the PSLRA and the law of this Circuit do not permit such unsupported, conclusory allegations to survive dismissal. The Motion to Dismiss (Dkt. 51) ("MTD") should be granted.

**ARGUMENT**

**I.     The Safe Harbor Protects The Forward-Looking Statements.**

Plaintiff argues that some of the forward-looking statements (but not all) include portions of "historical or current fact," *e.g.*, "leading indicators ***are positive***." Opp. at 18.  But those phrases are also protected, because this Court must consider each statement in its entire context, *e.g.*: "[M]any of our leading indicators are positive, *which gives us increasingly optimistic expectations about the business going*

1

*forward*."  AC ¶ 121 (emphasis added); *see* MTD Ex. 4.[1]  According to the PSLRA and Eleventh Circuit precedent, statements "contain[ing] both past facts and future projections . . . are treated as forward-looking."[2]  *See In re Acuity Brands, Inc. Sec. Litig.*, No. 1:18-CV-2140-MHC, 2019 WL 10246166, at *21 (N.D. Ga. Aug. 12, 2019) (considering similar statement); 15 U.S.C. § 78u-5(i)(1)(D).

Plaintiff also incorrectly asserts "the safe harbor does not apply to Defendants' multiple omissions of material fact, which cannot be forward-looking[.]"  Opp. at 18. But the Eleventh Circuit has made clear that "there is *no question* under the statute that a material and misleading omission can fall within the forward-looking safe harbor."  *Harris v. Ivax Corp.*, 182 F.3d 799, 806 (11th Cir. 1999) (emphasis added).

---

[1] The forward-looking statements are catalogued in Exhibit 4 to the Motion to Dismiss.  Contrary to Plaintiff's suggestion, Opp. at 7 n.4, this Court can and should consider Defendants' Exhibits 4 and 9.  These charts, which catalog the more than 100 challenged statements in the Amended Complaint, are designed to assist the Court in conducting the required statement-by-statement analysis and are frequently utilized in securities actions especially where (as here) the complaint is extraordinarily lengthy.  *E.g.*, *In re Floor & Decor, Inc. Sec. Litig.*, No. 1:19-cv-02270-SCJ (N.D. Ga. Sept. 21, 2020), slip op. at 6 n.6 (considering similar charts); *Michigan Carpenters' Pension Fund v. Rayonier Advanced Materials, Inc.*, No. 3:18-CV-771-J-34JRK, 2019 WL 1429667, at *3 (M.D. Fla. Mar. 29, 2019) (similar charts were "helpful and permissible"); *Garden City Emps.' Ret. Sys. v. Anixter Int'l, Inc.*, No. 09-CV-5641, 2011 WL 1303387, at *9 (N.D. Ill. Mar. 31, 2011) (similar).

[2] Plaintiff cannot distinguish *Ocwen*, Opp. at 18 n.25, where the Court held similar statements that "convey management plans for yet-to-be-proven future operations and goals" were forward-looking.  *See Carvelli v. Ocwen Fin. Corp.*, 934 F.3d 1307, 1329 (11th Cir. 2019).

Plaintiff cites inapposite cases, including an SEC enforcement action where it was undisputed the PSLRA (including the safe harbor) "[did] not apply," *see SEC v. Revolutions Medical Corp.*, No. 1:12-CV-3298-LMM, 2015 WL 11199068, at \*4 n.3 (N.D. Ga. Apr. 3, 2015), and a handful of cases concerning allegations of historical omissions (which Plaintiff fails to adequately argue or plead here), *see In re Premiere Technologies Inc.*, No. 1:98-CV-1804-JOF, 2000 WL 33231639, at \*17 (N.D. Ga. Dec. 8, 2000) (alleged "'hard' facts about current or past conditions"); *In re Towne Services, Inc. Sec. Litig.*, 184 F. Supp. 2d 1308, 1314, 1320–21, 1323 (N.D. Ga. 2001) ("discrete damaging event" linked to specific past date and "corroborat[ed]" by employee).

In addition, Plaintiff claims the safe harbor cannot apply to forward-looking statements "made with actual knowledge of their falsity." Opp. at 19. But *Ocwen* reiterated that "'if a statement is accompanied by 'meaningful cautionary language,' the defendants' state of mind is irrelevant.'"[3] *Ocwen*, 934 F.3d at 1326 (quoting *Harris*, 182 F.3d at 803). Plaintiff's argument is thus contrary to Eleventh Circuit

---

[3] Plaintiff cites *Primavera*, which held "[a] defendant remains liable" for a forward-looking statement if the plaintiff pleads actual knowledge. *See Primavera Inv'rs v. Liquidmetal Tech., Inc.*, 403 F. Supp. 2d 1151, 1156 (M.D. Fla. 2005). Respectfully, that holding was incorrect in light of *Harris* and is clearly so in light of *Ocwen*.

law.  And even if Plaintiff's legal position were correct (which it is not), Plaintiff has not adequately alleged scienter.  *See* MTD at 20–25; Section IV, *infra*.

Finally, Plaintiff's argument that Defendants' cautionary language is "boilerplate," Opp. at 19–20, cannot stand up to the extensive cautionary language itself, which included detailed warnings regarding the very risks of which Plaintiff now complains.[4]  *See* MTD at 8–9, n.8–10, & Ex. 4; *Harris*, 182 F.3d at 807.  Plaintiff insists the cautionary language was nevertheless insufficient because the alleged risks had already materialized, Opp. at 19, but fails to plead any specific adverse historical facts that were omitted with particularity.[5]  *See infra* Part III & MTD at 11–20.

## II.    The Challenged Statements Of Puffery And Opinion Are Not Actionable.

Plaintiff wrongly argues that certain challenged statements are not puffery because they concerned important parts of the Company's business.  Opp. at 14–15.

---

[4] Plaintiff's cited cases involve far different cautionary language.  In *Flowers*, for instance, defendants cited only one statement repeated in each SEC filing concerning "factors that may cause actual results . . . to differ materially."  *See In re Flowers Foods, Inc. Sec. Litig.*, No. 7:16-CV-222 (WLS), 2018 WL 1558558, at *11 (M.D. Ga. Mar. 23, 2018); *see also FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1299 (11th Cir. 2011) ("general warnings about risks inherent to the Company's business model" not specifically tailored "to risks from click fraud"); *In re HD Supply Holdings, Inc. Sec. Litig.*, 341 F. Supp. 3d 1342, 1359 (N.D. Ga. 2018) (cautionary language warned of "generalized risks").

[5] Plaintiff's citation to *SEC v. Merch. Capital, LLC* provides no support.  That SEC enforcement action was on appeal from a trial judgment and involved specific facts such as "unrebutted testimony" and "email."  483 F.3d 747, 768–69 (11th Cir. 2007).

But that is not the standard for puffery. Rather, the puffery standard according to the Eleventh Circuit is whether the statements are the kinds of "[e]xcessively vague, generalized, and optimistic comments" that no "'reasonable investor,' exercising due care, would view as moving the investment-decision needle." *Ocwen*, 934 F.3d at 1320; MTD at 9–11 & Ex. 9; *e.g.*, *Mogensen v. Body Cent. Corp.*, 15 F. Supp. 3d 1191, 1213 (M.D. Fla. 2014) (statement that "operational initiatives" would "enhance" ability to achieve "long term growth objectives" was puffery); *Cambridge Ret. Sys. v. MEDNAX, Inc.*, No. 0:18-CV-61572-WPD, 2019 WL 4893029, at *17 (S.D. Fla. Oct. 3, 2019) (statement regarding "continued growth" was puffery).[6]

Plaintiff also argues that several opinion statements about "progress" and "compliance" are nonetheless actionable because they are "factual statements 'expressing certainty.'" Opp. at 17–18. A plain reading of those statements, however, belies any such interpretation. *Compare, e.g.*, AC ¶ 128 ("We ***believe*** we are in material compliance with the various state lease purchase laws.") (emphasis

---

[6] Plaintiff's cited cases provide no support because they concern specific, particular statements. *See, e.g.*, *Owl Creek I, L.P. v. Ocwen Fin. Corp.*, No. 18-80506-CIV, 2018 WL 4844019, at *8 (S.D. Fla. Oct. 4, 2018) ("when read in context" statement was made "to explain why the loan transfer was more expensive than expected," which was "factual averment upon which investors would reasonably rely"); *Keippel v. Health Ins. Innovations, Inc.*, No. 8:19-CV-421-02CPT, 2019 WL 5698329, *3–4, *7 (M.D. Fla. Nov. 4, 2019) (statements "[did] not end with" puffing phrases, but concerned specific percentages or hard statistics and implications for competition).

added), *with Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175, 186 (2015) ("we believe we are obeying the law" was "pure statement of opinion").  In addition, Plaintiff fails to adequately plead any omitted "material facts" that "conflict with what a reasonable investor would take from the [opinion] statement itself[.]" *Omnicare*, 575 U.S. at 189; MTD at 11.

Plaintiff's remaining "materiality" arguments fare no better.  First, its "truth on the market" argument is a red herring.  *See* Opp. at 16.  Defendants did not argue "truth on the market,"[7] *id.*, but rather that Plaintiff failed to plead any false statement or omission especially when considered "in context."  *See Ocwen*, 934 F.3d at 1318.  Second, Plaintiff cannot point to "significant stock price declines" and "the amount" of certain alleged conduct, Opp. at 15, 16, to transform otherwise immaterial puffing or opinion statements into actionable misstatements.  *See, e.g., Mogensen*, 15 F. Supp. 3d at 1206, 1213 (puffing statements "cannot give rise to a securities fraud claim," regardless of alleged 73% stock price decline).  Those arguments are better

---

[7] A "truth on the market" defense rebuts "a plaintiff's presumption of reliance on the market" and is "not raised" where defendants argue the plaintiff "failed to plead facts to show that there were any misstatements or scienter in the first place."  *In re The First Marblehead Corp. Sec. Litig.*, 639 F. Supp. 2d 145, 155 n.75 (D. Mass. 2009).  Plaintiff's cases are therefore not applicable.  *See Bellocco v. Curd*, No. 802-CV-1141T27TBM, 2005 WL 2675022, at *1 (M.D. Fla. Oct. 20, 2005) (defendants argued "misinformation concerning production had been clarified" in disclosures); *In re Unicapital Corp. Sec. Litig.*, 149 F. Supp. 2d 1353, 1373 (S.D. Fla. 2001) (defendants argued market had "knowledge of" allegedly undisclosed information).

directed to whether any alleged omission rendered other challenged statements (e.g. revenue statements) materially false, as Plaintiff implicitly acknowledges by citing Defendants' falsity arguments on this point. *See* Opp. at 16 (citing MTD at 15–18).

## III. Plaintiff's Various Theories Of Falsity Are Still Insufficient.

### A. Plaintiff Cannot Rely On Alleged Illegal Revenue.

Plaintiff cannot simply rely on the existence of two FTC investigations to plead that admittedly accurate statements regarding "reported financial metrics and 'record' financial performance," Opp. at 8, were materially misleading when made. *See* MTD at 12–15. Plaintiff's argument boils down to an incorrect (and repetitive) refrain that the alleged conduct from those investigations is "***undisputed***." Opp. at 1, 8, 11, 12. Plaintiff's argument is wrong in two respects, however. First, Plaintiff seems to be suggesting that by settling with the FTC, the Company admitted the FTC's allegations. It did not; the settlements were on a "no admission" basis, and a settlement alone is not enough to satisfy the PSLRA's particularity standards. *See Veal v. LendingClub Corp.*, 423 F. Supp. 3d 785, 806–07 (N.D. Cal. 2019). Second, although *well-pled* allegations are taken as true on a motion to dismiss, allegations that are not, but are instead conclusory, should not be. *See* MTD at 12–15; *e.g.*, *FindWhat*, 658 F.3d at 1305–06.

7

Courts have consistently rejected such conclusory allegations where, as here, Defendants disclosed they were the subject of an ongoing investigation (together with related risks) and there was no well-pled allegation of misstated financial figures.[8] *See* MTD at 12–15 (citing cases).  Plaintiff's argument that "Defendants putting the source of Aaron's [*admittedly accurate*] revenues, growth, and bad debt expense at play" was misleading based on "inflated . . . financial metrics," "minimized negative disclosures," and "increased risk," Opp. at 9, is the kind of "general allegation" that falls short of pleading falsity in such circumstances.  *See Gross v. Summa Four, Inc.*, 93 F.3d 987, 996 (1st Cir. 1996).

### B.    Plaintiff Cannot Save Its Flawed AB-Related Theory.

Plaintiff's allegation that Defendants attempted to "mask the inevitable decline of" the Aaron's Business ("AB") cannot withstand scrutiny.  AC ¶ 8–10; MTD at 17. Not only did Defendants disclose AB's segment earnings and revenue on a quarterly basis, MTD at 17, but they also disclosed extensive cautionary statements regarding,

---

[8] Tellingly, Plaintiff relies on cases that *did* involve allegations of misstated financial figures.  *See Steiner v. MedQuist Inc.*, Civ. No. 04-5487 (JBS), 2006 WL 2827740, *18 (D.N.J. Sept. 29, 2006) (revelation of alleged "manipulated billing scheme" and disclosure that "previously issued financial statements . . . and all earnings releases . . . should no longer be relied upon"); *Plumbers & Pipefitters Nat'l Pension Fund v. Davis*, No. 1:16-CV-3591-GHW, 2020 WL 1877821, *4–5 (S.D.N.Y. Apr. 14, 2020) (improper "revenue recognition," including "warnings from [the auditor]," "significant deficiency" in internal controls, "delayed filing" of annual report and audited financial statements, and "downward spiral toward bankruptcy").

8

for example, AB's "many challenges" and there could "be no guarantee that [the] current strategy" would yield the results then anticipated, MTD at 8 & n.9.

Plaintiff acknowledges (in a footnote) that it "does not allege that Defendants concealed AB's growth declines." Opp. at 10 n.13. Instead, Plaintiff claims Defendants "gave the false impression that AB's initiatives would sufficiently counteract competition and declining growth and return AB to 'sustainable growth.'" *Id*. Said differently: the AB initiatives did not turn out as successfully as hoped, so Defendants *must have known* earlier of this inevitable result. That assertion, which ignores Defendants' disclosures regarding the challenges at AB, is classic, impermissible fraud-by-hindsight.[9] MTD at 15–17.

---

[9] Plaintiff cannot avoid this hindsight pleading issue by relying on inapposite cases that involved particularized, contemporaneous allegations of material falsity. *E.g.*, *Towne Servs.*, 184 F. Supp. 2d at 1315, 1320–23 ("no-hindsight cases [were] inapplicable" where allegations concerned "discrete damaging event," linked to specific class-period date, resulting in "massive" contemporaneous customer losses, followed by hiding "extraordinary, nonrecurring transaction" in earnings report); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 254 (2009) (complaint attached "numerous contemporaneous documents, such as internal emails and memos," and "admissions" from defendants in "deposition testimony and emails" concerning "state-of-mind at the time of their misleading statements and omissions"); *Freudenberg v. E\*Trade Fin. Corp.*, 712 F. Supp. 2d 171, 183 (S.D.N.Y. 2010) (defendants "admitted, in response to an SEC inquiry," that loans possessed characteristics contrary to what had been reported); *In re Paincare Holdings Sec. Litig.*, 541 F. Supp. 2d 1283, 1287 (M.D. Fla. 2008) (allegations of "accounting fraud" with "false financial statements" resulting in restated financial results for "approximately the entire public life of the Company").

Plaintiff also summarily concludes that the challenged statements "gave investors the false impression that Aaron's store closures resulted from Defendants' 'restructuring' while concealing they were part of Aaron's undisputed anti-competitive conduct." Opp. at 11. But Plaintiff still has not explained how statements about "right siz[ing] the Company's store footprint" or "rationaliz[ing] [the] store base" by closing over 130 underperforming stores gave rise to a duty to disclose a "small number" of alleged reciprocal swap agreements entered into over a nearly three-year period implicating only 2.5 months of the Class Period. MTD at 16–17; AC ¶¶ 102, 154.[10]

### C.   Plaintiff's Challenge To Compliance And Customer Service Statements Fails.

Plaintiff claims the challenged statements regarding compliance and customer service were false because "Defendants were operating two illegal schemes that

---

[10] Once again, Plaintiff relies on cases where plaintiffs did provide such explanations. *See In re Henry Schein, Inc. Sec. Litig.*, 18-CV-01428 (MKB), 2019 WL 8638851, at *15 (E.D.N.Y. Sept. 27, 2019) (defendants stated they "compete[d] with" distributors and manufacturers "on the basis of price" when they in fact "collu[ded] with" competitors "to maintain higher prices" and "fix prices and margins"); *Flowers*, 2018 WL 1558558, at *9 (statements regarding "advantages of . . . [direct-store-delivery] system" made without "any serious discussion of the *existential* risks that distributor misclassification presented," supported by "testimony" from executive officer, legal memorandum based on "reviewed documents," and "IRS opinion") (emphasis added); *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, No. 15–7658 (MAS) (LHG), 2017 WL 1658822, at **3–6 (D.N.J. Apr. 28, 2017) (similar).

minimized price and quality competition and deceived consumers." Opp. at 12 n.19.

As previously noted, Plaintiff cannot, however, simply reiterate unproven and

unadjudicated FTC allegations as "facts" without "any independent corroboration."[11]

*See LendingClub*, 423 F. Supp. 3d at 811–12. Plaintiff fails to explain with

particularity how the allegedly deceptive practices rendered any challenged statement

materially misleading, including statements regarding "high levels of customer

service," AC ¶ 130, or "we believe we are in compliance," AC ¶ 153. *See* MTD at

18–19; *supra* Part II.

### D.    Plaintiff's Item 303 And SOX Allegations Are Deficient.

Plaintiff attempts to save its Item 303 and SOX allegations by stating, without

explanation, that there was a "conceded Item 303 violation[.]" Opp. at 13 n.20; *see*

---

[11] Each case on which Plaintiff relies involved far more than copycat allegations from "no admission" settlements. *E.g.*, *In re Carter's, Inc. Sec. Litig.*, No. 1:08-CV-02940-AT, 2012 WL 3715241, at *2–4 (N.D. Ga. Aug. 28, 2012) (SEC enforcement action with filed complaint, "criminal indictment" of senior officers, "restated" class period financials "for 18 successive quarters," and confidential witnesses including VP of Investor Relations); *Shah v. Zimmer Biomet Holdings, Inc.*, No. 3:16-CV-815-PPS-MGG, 2019 WL 762510, at *7, *9 (N.D. Ind. Feb. 20, 2019) (allegations from related litigation "were by no means the only allegations in support" where plaintiffs also included "documents obtained from the FDA, the broad findings of ZBH's internal audits, and detailed allegations from two additional confidential witnesses"); *In re Bear Stearns Mortg. Pass-Through Certificates Litig.*, 851 F. Supp. 2d 746, 768 (S.D.N.Y. 2012) ("Even if the Court struck every such paragraph [relying on other pleadings], the [complaint] would still contain sufficient factual allegations to plead claims under Sections 11 and 12(a)(2).").

*also id.* at 14. But there was no "conceded Item 303 violation," nor has Plaintiff pled any Item 303 violation.[12] Plaintiff's Item 303 and SOX claims fail for the reasons stated in the Motion to Dismiss. *See* MTD at 19–20; *Ocwen*, 934 F.3d at 1331.

## IV.    Plaintiff Falls Short Of Pleading A Strong Inference Of Scienter.

Having no direct support for its scienter allegations, or even allegations from so-called "confidential witnesses," Plaintiff first points to what it calls "numerous *indicia*" of scienter. Opp. at 21. Those "indicia," however, are vague and generalized allegations, including: AB and Progressive are the "core" parts of Aaron's business; the Individual Defendants held "senior positions and experience" and had "access to highly relevant information"; and Defendants made "specific statements" regarding the matters alleged in the Amended Complaint. Opp. at 21–23. As Defendants explained, however, none of these allegations (which could be applicable in any securities case) can overcome the complete absence of particularized support for

---

[12] Plaintiff cites *Ebix*, where the Court mentioned Item 303 only in its summary of the plaintiff's allegations, *In re: Ebix, Inc. Sec. Litig.*, 898 F. Supp. 2d 1325, 1333 (N.D. Ga. 2012), and *MAZ*, where the Court did not discuss Item 303, *MAZ Partners LP v. First Choice Healthcare Solutions, Inc.*, No. 6:19-CV-619-ORL-40LRH, 2020 WL 1072582, at *1 (M.D. Fla. Feb. 14, 2020) (not discussing Item 303). These cases do not support Plaintiff's Item 303 claim. *See* Opp. at 13; MTD at 19–20.

knowledge of the alleged fraud by the speakers of the statement.[13]  *See* MTD at 20–22.

Plaintiff cites a number of cases that are clearly distinguishable because they did include particularized allegations supporting scienter.  In *Primavera*, for instance, the complaint included (among other things) "specific and detailed" allegations from "[f]ormer employees" demonstrating the CEO "knew the falsity of his public representations[.]"  *Primavera*, 403 F. Supp. 2d at 1158.  Similarly, the complaint in *Immucor* offered "direct evidence of scienter" with respect to the company's president, for whom scienter was "not dispute[d]."  *In re Immucor Inc. Sec. Litig.*, No. 1:05-CV-2276-WSD, 2006 WL 3000133, at \*\*17–18 (N.D. Ga. Oct. 4, 2006); *see also Makor Issues & Rights, Ltd. v. Tellabs Inc.*, 513 F.3d 702, 711–12 (7th Cir. 2008) (allegations from "26 'confidential sources'" who "were in a position to know at first hand the facts to which they were prepared to testify" and who "set forth

---

[13] Plaintiff's reliance on the so-called "magnitude" of alleged losses, Opp. at 23, fails for the same reason, particularly where one investigation concerned "a small number" of reciprocal purchase agreements, the other resulted in a $175M settlement compared to over $12B in revenue, and both matters resolved in "no admission" settlements.  MTD at 15–17.  Plaintiff's cited cases involved far more.  *See Local 703, I.B. of T. Grocery & Food Emps. Welfare Fund v. Regions Fin. Corp.*, No. CV 10-2847-IPJ, 2011 WL 12855820, at \*8 (N.D. Ala. June 7, 2011) ("significant and sudden increase in loan loss reserves along with [a] $6 billion goodwill write-down"); *Oklahoma Firefighters Pension & Ret. Sys. v. Lexmark Int'l, Inc.*, 367 F. Supp. 3d 16, 31, 38 (S.D.N.Y. 2019) (underscoring "magnitude" of inventory drawdown after inventory "had swollen to unusual levels").

[relevant information] in convincing detail"); *Institutional Inv'rs Grp. v. Avaya*, 564 F.3d 242, 268–70 (3d Cir. 2009) (numerous confidential witnesses, investment report, "alleged admissions," and "array of circumstantial evidence").

Plaintiff also fails to explain how the FTC allegations bolster scienter.  Opp. at 23.  In fact, Plaintiff wrongly claims "the FTC[] [found] . . . Woodley 'participated directly in the illegal practices or had authority to control them,'" *id.*, because that citation is to a sole FTC commissioner's *dissenting* opinion, AC Ex. F.  Plaintiff cannot avoid that the Individual Defendants were not named defendants in either FTC complaint, nor has Plaintiff provided any facts from the FTC investigations connecting any one of them to knowledge of the alleged fraud.[14]  MTD at 22–23.

Left with nothing but alleged stock sales, Plaintiff's scienter allegation fails because, again, Plaintiff "cannot base scienter on stock sales alone."  *See In re Theragenics Corp. Sec. Litig.*, 105 F. Supp. 2d 1342, 1361 (N.D. Ga. 2000).  Moreover, Plaintiff fails to plead how any stock sales were unusual or suspicious.

---

[14] Plaintiff cites cases that are inapplicable because they did involve such allegations. *See, e.g.*, *Eastwood Enterprises, LLC v. Farha*, No. 8:07-CV-1940-T-33EAJ, 2009 WL 3157668, at *3, *4 (M.D. Fla. Sept. 28, 2009) (in addition to "investigations . . . by various government agencies," complaint included "first-hand accounts of former employees whom [individual defendants] personally and repeatedly instructed to execute that precise fraud," "guilty plea of a [company] employee," and "admission in . . . [r]estatement that [company] falsely inflated its net income"); *Utesch v. Lannett Co., Inc.*, 385 F. Supp. 3d 408, 423 (E.D. Pa. 2019) (similar, including criminal charges and a conviction).

14

MTD at 23–25.  To the contrary, the alleged stock sales "reflect a pattern of regular dispositions," unlike the cases that Plaintiff cites.[15]  *See In re Witness Sys., Inc. Sec. Litig.*, No. 1:06–CV–1894, 2008 WL 9020540, at *8 (N.D. Ga. Mar. 31, 2008), *aff'd*, 554 F.3d 962 (11th Cir. 2009).  In addition, sales made pursuant to a 10b5-1 plan are not probative of scienter.[16]  *See Mogensen*, 15 F. Supp. 3d at 1222; MTD at 23–24.

## CONCLUSION

This Court should dismiss the Amended Complaint.  Plaintiff's request for leave to amend "[a]t the very end of the [Opposition]" in footnote 38 should be denied because it is "not a proper request for leave to amend," and Plaintiff has already filed a 163-page, 358 paragraph Amended Complaint.  *See Zisholtz v. Suntrust Banks, Inc.*, No. 1:08-CV-1287-TWT, 2009 WL 3132907, at *7 (N.D. Ga. Sept. 24, 2009).

---

[15] *See Rosky ex rel. Wellcare Health Plans, Inc. v. Farha*, No. 8:07-CV-1952-T-26MAP, 2009 WL 3853592, at *8 (M.D. Fla. Mar. 30, 2009) (suspicious sales just "five months prior to [a] federal raid"); *Abrams v. MiMedx Grp., Inc.*, 37 F. Supp. 3d 1271, 1278 (N.D. Ga. 2014) ( "substantial" sales after receipt of an FDA report).

[16] Plaintiff's citation to *FleetCor* is inapposite because the defendant in that case "specifically abandoned a prior Rule 10b5-1 trading plan." *See City of Sunrise Gen. Emps.' Ret. Plan v. FleetCor Techs., Inc.*, No. 1:17-CV-2207-LMM, 2018 WL 4293143, at *12 (N.D. Ga. May 15, 2018).  Plaintiff's citation to *Freudenberg* is inapposite because the court specifically relied on Second Circuit caselaw and disclaimed out-of-circuit cases.  *See Freudenberg*, 712 F. Supp. 2d at 201.

15

Respectfully submitted this 17th day of November, 2020.

/s/ *Michael R. Smith*
Michael R. Smith
Georgia Bar No. 661689
B. Warren Pope
Georgia Bar No. 583723
Bethany M. Rezek
Georgia Bar No. 553771
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
Telephone: (404) 572-4600
Fax: (404) 572-5100
mrsmith@kslaw.com
wpope@kslaw.com
brezek@kslaw.com

*Counsel for Defendants*

16

## <u>RULE 7.1(D) CERTIFICATION</u>

The undersigned counsel certifies that this document has been prepared with

one of the font and point selections approved by the Court in Local Rule 5.1(C).

*/s/ Michael R. Smith*
Michael R. Smith
Georgia Bar No. 661689

*Counsel for Defendants*

17

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this day a copy of the foregoing was filed and served using the Court's CM/ECF system which will send notification of such filing to ECF registered participants.

DATED this 17th day of November, 2020.

/s/ Michael R. Smith
Michael R. Smith
Georgia Bar No. 661689

*Counsel for Defendants*