UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SHIVA STEIN, Individually and on Behalf of All Others Similarly Situated, | ) ) | Civil Action No. 1:20-cv-02030-JPB |
| | ) | CLASS ACTION |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| AARON'S INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**LEAD PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

By and through its undersigned counsel, Lead Plaintiff Laborers Pension Trust Fund for Northern Nevada ("Plaintiff") respectfully submits *Pub. Emps. Ret. Sys. of Miss. v. Mohawk Indus., Inc.*, No. 4:20-CV-00005-ELR, 2021 WL 4546926 (N.D. Ga. Sept. 29, 2021), attached hereto as ***Exhibit A***, as supplemental authority in support of Lead Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss Lead Plaintiff's Complaint for Violations of the Federal Securities Laws [ECF No. 55] ("Opposition").

The *Mohawk Industries* decision is relevant to central issues raised in the Memorandum of Law in Support of Defendants' Motion to Dismiss [ECF No. 51-1] and in support of Plaintiff's Opposition related to falsity, materiality, and scienter. *See* ECF No. 51-1, at 11-17, 20-22, 25; ECF No. 55, at 7-18, 20-25.  The decision will, therefore, aid the Court in its consideration of these matters.

First, as to falsity, the *Mohawk Industries* court held that defendants' statements touting "positive developments" and "record" growth were actionable where defendants attributed such success to legitimate business practices, when in reality, defendants were engaged in unsustainable fraudulent conduct.  2021 WL 4546926, at *9-14.  The court in *Mohawk Industries* also found that statements attributing negative developments, such as rising product inventory levels, to benign factors like the "U.S. economy" were actionable because defendants omitted that, in

- 1 -

truth, the rising inventory resulted from defendants' intentional manipulation of product supply levels. *Id.* at *12. The court further held that defendants' numerous false assurances that "things would soon be better" were actionably false because defendants failed to disclose that they were engaging in a pattern of unsustainable and fraudulent conduct. *Id.* at *2, 12.

Second, in analyzing the materiality element, the *Mohawk Industries* court applied Eleventh Circuit law to find that dismissal was improper because the "supposed misstatements or omissions" at issue were not "so obviously unimportant to a reasonable investor that reasonable minds could not differ on the question of their importance." *Id.* at *12-14 (citation and internal quotations omitted).

Third, the *Mohawk Industries* court confirmed that the following factors bolster an "aggregated" inference of scienter: the financial impact of the alleged scheme, where the fraud involved a "substantial" segment of the company's operations; defendants' certification of false financial statements; allegations of corporate scienter stemming from the company's "ongoing [fraudulent] method of doing business"; defendant's high-level position and active participation in the company's press releases, earnings calls, and Securities and Exchange Commission filings; and "the nature, duration and extent of the fraud alleged[.]" *Id.* at *19-23 (citations and internal quotations omitted).

Accordingly, *Mohawk Industries* is relevant to the issues before the Court.

Plaintiff, therefore, respectfully requests that the Court take notice of the recently

issued *Mohawk Industries* opinion from within this District.

DATED:  October 12, 2021        ROBBINS GELLER RUDMAN
                 & DOWD LLP


                *s/ Stephen R. Astley*
                STEPHEN R. ASTLEY

JACK REISE
(admitted *pro hac vice*)
STEPHEN R. ASTLEY
(admitted *pro hac vice*)
KATHLEEN DOUGLAS
(admitted *pro hac vice*)
BAILIE L. HEIKKINEN
(admitted *pro hac vice*)
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
jreise@rgrdlaw.com
sastley@rgrdlaw.com
kdouglas@rgrdlaw.com
bheikkinen@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
ARTHUR C. LEAHY
(admitted *pro hac vice*)
CAROLINE M. ROBERT
(admitted *pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
artl@rgrdlaw.com
crobert@rgrdlaw.com

*Lead Counsel for Lead Plaintiff and the
Putative Class*

HERMAN JONES LLP
JOHN C. HERMAN
  (Georgia Bar No. 348370)
CARLTON R. JONES
  (Georgia Bar No. 940540)
3424 Peachtree Road, N.E., Suite 1650
Atlanta, GA  30326
Telephone:  404/504-6555
404/504-6501 (fax)
jherman@hermanjones.com
cjones@hermanjones.com

*Local Counsel*

- 4 -

## <u>LOCAL RULE 7.1(D) CERTIFICATION</u>

By signature below, counsel certifies that the foregoing document was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1.

*s/ Stephen R. Astley*
STEPHEN R. ASTLEY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 12, 2021, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, and a copy of the foregoing pleading has been electronically mailed to all attorneys of record.

*s/ Stephen R. Astley*
STEPHEN R. ASTLEY